■ In the Matter of the Claim of WELLINGTON GRAY, Appellant, against WILLIAMS PRESS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. The Workmen's Compensation Board by a divided vote has reversed a referee's decision favorable to claimant and dismissed the claim. The first question to be considered is whether the application by the employer and carrier to review the original decision of the referee in favor of the claimant was made in time. A notice of decision in favor of claimant dated December 31, 1953 was addressed to the employer. The application for review was not made until March 1, 1954, three months later. This was far beyond the 20-day period for such application fixed by the board's procedural rule 13. The question of timely application was raised by claimant before the board, but the attorney for employer and carrier stated that no notice of the December 31 decision has been received. On January 5, 1954 the attorney for claimant wrote the carrier that "in connection with the award made * * * December 31 " he was making application for an attorney's allowance. On February 16, 1954 a new notice was sent out by the board of "a Decision and Award" that was "made and duly filed this day" containing precisely the same award as that of December 31, but different to the extent of allowing an attorney's fee. This notice of award was received by the employer and the application for review, made March 1, referred to the decision and award "dated February 16". Whether this notice was or was not timely was fully discussed at the hearing before the board. By entertaining the appeal and deciding it on the merits, the board necessarily held that the application for review was timely. It did not explain the reasons which led to this conclusion, but the decision may be justified on either of two grounds: (a) by accepting as true the contention that notice was not received by the employer and therefore not properly mailed out by the board and hence ruling that "notice of filing" within rule 13 had not properly been given; or (b) by treating the decision of February 16 which, on its face purports to determine the merits as well as fixes the attorney's lien, as a new and superseding decision. The board retains adequate jurisdiction to do this (§ 22). It is argued that the letter which claimant's attorney sent the carrier on January 5 "in connection with" the award "made December 31" is enough to put the carrier on notice that there was such an award; but the letter was not the "notice" under rule 13 and did not advise what the award was; and if the carrier's file was silent on the subject of award it does not seem unreasonable that it would feel safe in awaiting some official communication from the board. We held that it was not an error of law to entertain and decide the application for review. On the merits we are met with a factual determination by the board against claimant. The test that we must apply to this determination, i.e., whether there is substantial evidence to support it, is not different because the referee was overruled and one member of the board panel dissented. We think there is substantial evidence to support the decision. Claimant had suffered a non-industrial injury to his knee in April, 1952, which was treated surgically. On August 5 while going upstairs in employer's premises claimant testified that he "twisted" this knee and that when he had brought his leg up in moving on the stairs "it gave way and threw me". The board in our opinion could find factually on the record that this was due solely to the existing physical

condition of the knee caused by the earlier accident and not due to an industrial accident on August 5. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.